THOMAS N. EGERY *et als.*, appellants,

*vs.*

GEORGE W. HOWARD, administrator.

*Probate law, as to insolvent partnerships.*

Prior to the statute of 1870, c. 113, § 16, copartnership creditors proving their claims against the estate of an insolvent deceased copartner were entitled to a dividend upon the full amount due them, in the same manner as the creditors of the insolvent individual.

If the estate was thereby obliged to pay more than its share of the partnership debts, its representative might look to the surviving partners.

Where administration had been commenced prior to the passage of that statute, and the estate of the individual copartner had been represented insolvent, and commissioners had been appointed upon it, whose term of service was not completed until after the passage of the statute, but the surviving partner, who was also the administrator, made no representation of insolvency as to the copartnership and no change was made in the commission, it was held that copartnership creditors who had proved their claims before such commissioners were entitled to dividends from the individual estate; and that they were not precluded therefrom, and that their demands were not to be considered as allowed against the partnership estate, only because it appeared by the report of the commissioners of insolvency that they were

debits of the firm. The report of the commissioners follows the power conferred upon them, and no proceedings in conformity with the new statute having been had, in cases which arose prior to its passage, although not completed when it passed, the distribution must be made in conformity with the proceedings and the previously existing laws.

ON REPORT.

APPEAL by Egery and others from the below stated decree of the judge of probate of Penobscot county. Upon the death of the senior partner of the firm of William Howard & Son, the junior partner, George W. Howard, at the August term 1869, of the probate court, was appointed administrator of his father's estate and also gave the requisite bond as surviving partner. At the November term 1869, of that court, commissioners of insolvency were appointed upon the individual estate of Wm. Howard, whose report was accepted at the June term 1872. No commissioners were appointed upon the partnership estate, though that also was insolvent.

The statement of the case to this court says: "The commissioners returned as allowed certain claims against the individual estate and certain other claims as allowed against the partnership estate, no claims being proved" [by the same creditors?] "against both estates, nor were any balances" [between the estates?] "proved;" but the commissioners' report, made part of and put into the case, showed that they had merely scheduled the claims presented to and allowed by them under three different heads, putting about a dozen under that of "estate of William Howard," three under the names of "William Howard and George W. Howard," and by far the larger number and amount, including those of Mr. Egery and of the Egery & Hinckley Iron Company, the appellants, under the heading of "Wm. Howard & Son."

At the June term 1872, after accepting the report the judge of probate made the order and decree appealed from in these words: "Distribution of partnership assets among partnership creditors. Distribution of deceased's assets ordered among the creditors who have proved their claims and balances, and been allowed them against the deceased's estate."

The reasons assigned for the appeal were:

"I. Because said order is irregular and not according to the law and statutes relating to distributions.

II. Because the proof and allowance of claims against William Howard & Son under a warrant to commissioners upon the estate of William Howard, after acceptance by the court, would admit the appellants to a participation in the assets of said William Howard.

III. Because the appellants are entitled to be allowed a dividend from the estate of William Howard, not allowed under the order of the court."

*Wilson & Woodard* for the appellants.

The act of 1870, c. 113, § 16, incorporated into R. S., c. 69, § 6, cannot apply to this case. The statute in existence when proceedings are commenced must be adhered to throughout where the new enactment would affect legal rights. *Given* v. *Marr*, 27 Maine, 212.

During the life time of William and George W. Howard, the appellants could have attached the several estates of either or both, and also their partnership property upon the claims proved. This right remained till taken away by the act of 1870, c. 113.

The last clause of this statute did not save the present case because no "such proceedings" as therein specified, had then been had, nor could they have been instituted. See the case cited by the defendant from 17 Pick., 383.

*W. C. Crosby* for the appellee.

Two questions arise in this case: First, are probate proceedings in cases like the present to be governed by legal or equitable rules? Second, if equity and its rules are to be disregarded, what does the law require to be done?

I. Equity marshals the assets giving to joint creditors the joint estate, and to the individual's creditors the separate estate. 3 Kent's Com., 65, and cases cited; *Jarvis* v. *Brooks*, 23 N. H., 136; *Crockett* v. *Cram*, 33 N. H., 542; *Weaver* v. *Weaver*, 46

N. H., 188; *Holton* v. *Holton*, 40 N. H., 77; *Merrill* v. *Neill*, 8 Howard, 414. Probate proceedings are governed by equitable rules. 17 Pick., 383.

II. The decree made is correct in law. The act of 1870, c. 113, § 16, was specially designed to meet the exigencies of the present case, and its passage was procured for that purpose. The final clause of the section evinces the purpose to give it retrospective effect.

BARROWS, J. Section sixteen of chapter one hundred and thirteen of the Laws of 1870, authorizes a surviving partner who has given the bond required by statute to represent the partnership estate insolvent if it appears to be insufficient to pay the partnership debts, whereupon commissioners are to be appointed by the judge of probate, claims proved and allowed, and the partnership assets distributed to pay such as are allowed, and in general like proceedings are to be had as might before that time have been had for the distribution of the estates of individuals deceased insolvent, under previously existing statute provisions. But this is not to invalidate the right of partnership creditors to recover from the surviving partner or the estate of the deceased partner any balances due them after the partnership property is exhausted.

In addition to these prospective provisions we have the following: "When in cases heretofore arising such proceedings have been had, they shall be held valid." But this respondent who was both administrator of William Howard and surviving partner of the firm of William Howard & Son, and had given bond in each capacity, in this case which arose before the passage of the statute of 1870, made no such representation in relation to the partnership estate and no such proceedings as are contemplated by the statute were ever had. Yet the respondent claims that the course of distribution should be the same as if they had been had, and were therefore to be held valid under the provision above quoted, because the commissioners who had been appointed upon the individual estate of William Howard in November 1869,

and who had their term of service lengthened from time to time, reporting finally in June 1872, distinguished in their report of the claims allowed by them between the claims of the creditors of the copartnership and the creditors of William Howard as an individual, showing that certain claims which were presented to and allowed by them (that of these appellants among the number) were due from William Howard & Son.

But they were none the less due from the estate of William Howard. The appellants presented and proved them against the estate of William Howard and the commissioners reported them as allowed in full. The commissioners had no authority to act as commissioners of insolvency upon the copartnership estate. They were not appointed nor commissioned for that purpose. It had not been represented insolvent by the surviving partner. Their commission authorized them to receive, examine and report the claims against the estate of William Howard, and they return that they did it. Their report will not bear the construction contended for and upon which the decree of the judge of probate seems to have been based, that these claims against William Howard & Son were not allowed against the individual estate of William Howard. These commissioners could allow them only against the individual estate upon which they were appointed commissioners, and they reported them as allowed and their report was accepted.

They designate in their report certain other claims allowed as being claims against William Howard and George W. Howard besides those specified as claims against the firm of William Howard & Son, but there is nothing in the report to indicate that they assumed to go beyond their commission or designed to do more than to describe accurately the claims which they allowed against the estate of William Howard. The statement that they returned as allowed certain claims against the individual estate, and certain other claims as allowed against the partnership estate, and that the claims of the appellants were proved and allowed against the estate of William Howard & Son is not sustained when we come to examine the commissioners' report which is made part of the

case. It might as well be concluded that they allowed claims against an imaginary third estate (neither the individual nor the partnership estate, but still an estate somehow belonging to William Howard and George W. Howard in common) because some of the demands are particularized as due from both, and yet are not included with the co-partnership debts. In point of fact, the commissioners pursued the course which had always been pursued prior to the statute of 1870—the only course authorized by previously existing statutes. They allowed the claims against the estate of William Howard, carefully describing the demands that were allowed, and thus it appears that in some cases the deceased was indebted as a partner and in others as a co-promisor with George W. Howard.

At law, the private property of each co-partner, in an unlimited partnership, is liable for the whole debt to the partnership creditor, who thus has that advantage over the creditors of the individuals composing the co-partnership which accrues from the personal liability of more than one debtor. Hence, when by reason of the death of one of the co-partners, the claim became several as well as joint, under our statutes as they existed before 1870, a partnership debt was provable for the full amount against the estate of a deceased partner which had been represented insolvent, and the co-partnership creditor had an equal right with the individual creditors to obtain full satisfaction of his claim from the estate of the deceased. If thereby the estate of the deceased was obliged to pay more than its share of the partnership debts, its representative had his remedy over against the surviving partners to compel an adjustment.

It was under such statutory provisions that the proceedings in this case were had.

It is sufficient to say that if a different course might have been pursued in this case, and would have been valid under the statute of 1870, it was not adopted. As the case arose before the passage of the statute, the decree should have followed the proceedings which were had.

The reasons of appeal are valid and well assigned and the

*Decree is reversed.*

CUTTING, WALTON, DICKERSON, DANFORTH and VIRGIN, JJ., concurred.

APPLETON, C. J., being interested as a creditor, and PETERS, J., having been of counsel did not sit in this case.